## FORD HYDRO–ELECTRIC CO. v. NEELY et al.

(Circuit Court of Appeals, Seventh Circuit. May 28, 1926.)

No. 3660.

**1. Jury ⬳37.**

Under Const. Amend. 7, only alleged errors of law can be re-examined in jury case.

**2. Appeal and error ⬳263(3).**

Exception to refusal of requested instruction, attempted to be taken seven months after trial by recital in bill of exceptions then filed, *held* to present nothing for review.

**3. Eminent domain ⬳202(2, 3)**

In proceeding to condemn land for water power purposes, testimony as to the value of the land, based on its availability for water power development, *held* properly admitted, as affecting its market value.

**4. Eminent domain ⬳202(2, 3), 222(4)—Potential water power of land being condemned held admissible, though other lands necessary to completed project, but jury might be instructed to consider possibility or probability of making power available.**

Though land being condemned for water power purposes was not all land needed, evidence of potential water power could not be excluded; but jury might, on request, have been instructed to consider probability or possibility of making water power appertaining to the land available.

**5. Trial ⬳93.**

Motion to strike out testimony should be specific.

**6. Trial ⬳93.**

Motion to strike out testimony, "so far as relates" to a certain subject, *held* too general and indefinite.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Eminent domain proceeding by the Ford Hydro-Electric Company against Janey Neely and others. To review a judgment awarding compensation in an unsatisfactory amount, plaintiff brings error. Affirmed.

Wm. Ryan, of Madison, Wis., for plaintiff in error.

Wm. P. Belden, of Cleveland, Ohio, for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plaintiff in error brought proceedings to condemn, for water power purposes, land owned by defendants in error. The question as to the amount of compensation to be allowed for the taking was the only contested question upon the trial, and this was submitted to a jury.

[1] As the Seventh Amendment provides, "No fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law," we are limited to the alleged errors of law committed upon the trial. Indeed, no other errors are attempted to be assigned.

[2] The assignments are four in number. The first is based upon the court's refusal to give two instructions "as requested in writing." These instructions are set out in the bill of exceptions. They were not given by the court, but no exception was taken to this refusal at the trial and before the jury retired, as the rule requires. The record of the proceeding when the jury was instructed and retired makes no mention of the refusal to give these instructions. Seven months after the trial the bill of exceptions was submitted to the trial judge and signed by him. The bill contains this recital: "Now comes the Ford Hydro-Electric Company *at the same term at which said action was tried* and excepts to the refusal of the court to instruct the jury as requested in writing by said defendants." An exception thus taken furnishes no foundation for assigning the ruling as error, and the first assignment must be disregarded.

[3] The second assignment alleges error of the court "in admitting over the objections of the Ford Hydro-Electric Company the testimony of the witness George C. Newton, so far as the testimony of this witness related to water power values, for the reason that the witness did not testify to the market value of the lands at all, but testified to what he termed fair market value for the water power attributable to the lands taken, and in fixing the value of the water power attributable to the lands the witness did not consider the lands in their condition of ownership at the time of taking, but considered the lands as a part of a united whole, the whole consisting of all the parcels of land necessary to a completed water power development, which would include the lands taken." The third alleges error of the court "in admitting over the objections of the Ford Hydro-Electric Company the testimony of the witness Gardner S. Williams, so far as the testimony of

this witness related to water power values," and giving substantially the same reasons for the objection as given to the testimony of the witness Newton. The fourth alleges that the court erred "in denying motion of the Ford Hydro-Electric Company to strike out the testimony of the witnesses Williams and Newton so far as the testimony related to water power value" for substantially the same reasons as given for the objections.

Upon the second and third assignments the first inquiry is: What question was put to the witness, and what was the objection? The second assignment sets forth this question only. "Now, Mr. Newton, tell the jury what are the principal factors which constitute water power, and from which water power is developed." The third assignment does not set forth any question asked of the witness Williams. The objection made to the question asked, and now urged to the testimony given by both witnesses, goes to the competency of the evidence sought and brought out; that is, to the competency of evidence as to the peculiar fitness of the land for particular purposes as an element in estimating its value. That this is proper evidence to be considered by the jury in determining the market value of the land has been often decided. In Mississippi & R. River Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206, the Supreme Court said:

"In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in a sale of property between private parties. The inquiry in such cases must be what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses. Property is not to be deemed worthless because the owner allows it to go to waste, or to be regarded as valueless because he is unable to put it to any use. Others may be able to use it, and make it subserve the necessities or conveniences of life. Its capability of being made thus available gives it a market value which can be readily estimated."

The evidence objected to threw light upon the availability of the land for water power purposes and the value of such element, as bearing upon what might be paid for it by one desiring to purchase it, and thus bore upon its market value. By objecting to this evidence, plaintiff in error sought to exclude it altogether. As remarked by the trial judge, the objection went rather to the weight to be given the evidence than to its competency. The availability of the land for the development of water power, and the value of it for such purposes, was a proper element to be considered by the jury in fixing its market value.

[4] These considerations dispose of the objections made to the admission of such evidence and justify the denial of the motion to strike it out. The point made in the objection to the question and in the assignments of error, and pressed upon the argument here, that the witnesses Newton and Williams "considered the lands as a part of a united whole, the whole consisting of all the parcels of land necessary to a completed water power development which would include the lands taken," does not impress us. The argument appears to be that, where the lands sought to be condemned are not the whole of the lands needed, but only a part thereof, the elements called by the trial judge "raw water power value of land," and by the Supreme Court in Boom Co. v. Patterson, supra, "its capability of being made available" for such purpose, cannot be considered at all in determining value. From the arguments of plaintiff in error we conclude that its real grievance is that the jury gave too much consideration to the element of potential water power. This being an element proper to be considered, it could not be excluded, but plaintiff in error could have asked the court to instruct the jury that they should take into consideration the probability or practicability of so uniting all the lands as to make the water power appertaining to the lands of defendants in error available. The authorities cited by plaintiff in error recognize the propriety of such evidence. Plaintiff in error did not ask the court to so instruct the jury, but planted itself on the incompetency of the evidence, and cannot now complain that it was given too much weight.

[5, 6] The motion to strike out the evidence of Newton and Williams was properly overruled upon another ground. It was too general and indefinite. A motion to strike out testimony should specifically point out the portion desired to be stricken. It is not incumbent upon the trial judge to pick out testimony "so far as relates" to a certain subject, in order to rule upon the motion.

Judgment affirmed.